IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

JOSEPH JAMAINE SMITH                                                                              PLAINTIFF
ADC #127880

V.                                       NO: 2:11CV00024 BSM/HDY

RAY HOBBS *et al.*                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

1

>>hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>>Clerk, United States District Court
>>Eastern District of Arkansas
>>600 West Capitol Avenue, Suite A149
>>Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Joseph Jamaine Smith, currently held at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), filed *a pro se* complaint (docket entry #2) on February 7, 2011, and an amended complaint on April 11, 2011 (docket entry #8).

### **I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to Plaintiff's complaints and attachments, he was charged with indecent exposure and failure to obey orders of a guard in an August 29, 2010, incident. Plaintiff had a disciplinary hearing on September 7, 2010, and was found guilty. Plaintiff alleges his due process rights were violated because he was not allowed to call a camera as a witness, and introduce a security log as evidence. As a result of the conviction, Plaintiff was sentenced to 30 days of punitive isolation, with the loss of television, visitation, commissary, church, and gym privileges, and he was also reduced in class. Plaintiff also alleges that his court access rights have been violated and that he was denied the right to counsel under the Sixth Amendment.

As an initial matter, the undersigned concludes that the allegations of the complaint, as amended, fail to describe how Plaintiff's court access has been obstructed by any alleged deficiencies in the disciplinary hearing procedures, and the Sixth Amendment applies in a criminal prosecution, not a prison disciplinary proceeding. Accordingly, Plaintiff has no court access or Sixth Amendment claim.

The central issue in Plaintiff's complaint is his allegation that he was denied due process in his hearing. Although inmates may in some cases be entitled to due process protections, Plaintiff

has described no sanction which imposes an "atypical and significant" hardship that would give rise to due process protection as set forth in *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). According to Plaintiff's amended complaint, he was sentenced to 30 days of punitive isolation with some privilege losses. The Eighth Circuit has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). *See also Wycoff v. Nichols*, 94 F.3d 1187, 1188-90 (8th Cir. 1996)(no liberty interest arose when Plaintiff served 45 days in administrative confinement before disciplinary decision reversed). Although a lengthy period of segregation may, depending on the conditions, give rise to due process protections, *see Williams v. Norris*, 277 Fed.Appx. 647, 648 (8th Cir. 2008)(unpublished per curiam)(approximately 12 years in administrative segregation was atypical and significant hardship), shorter periods of segregation do not. *See Hemphill v. Delo*, 124 F.3d 208 (8th Cir. 2008)(unpublished per curiam)(four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation not an atypical and significant hardship). In this case, Plaintiff has not described any atypical and significant hardship which would give rise to due process protection.

In the absence of any due process violation, Plaintiff is left with, at most, a false disciplinary charge, which is not actionable. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989)(*citing Freeman v. Rideout*, 808 F.2d 949, 951-52 (2nd Cir. 1986), cert denied, 458 U.S. 982 (1988)). Accordingly, his complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim

upon which relief may be granted.

    2.       This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

    3.       The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __13__ day of April, 2011.

_____
UNITED STATES MAGISTRATE JUDGE